**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KENYA WATKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 19-2486-JAR-GEB |
| ) | |
| **GENESH, INC.,** ) | |
| *doing business as* **Burger King,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (**ECF No. 24**). After review of Plaintiff's motion and Reply (ECF No. 31) and Defendant's response in opposition (ECF No. 27), the Court **GRANTS** Plaintiff's motion for the reasons stated below.

**I.    Background[1]**

Plaintiff Kenya Watkins worked for defendant Genesh, Inc., dba Burger King, from August 14, 2014 to August 23, 2015. During her year at Burger King, Plaintiff worked as a crew member and cashier and she contends she was repeatedly verbally and physically harassed by her General Manager, Michael Jackson. Plaintiff's employment was terminated on August 23, 2015, and Plaintiff filed this action in August 2019.

---

[1] Unless otherwise noted, the information recited in this section is taken from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 24, 27, and 31), from Plaintiff's proposed First Amended Complaint (ECF No. 24-1) and Complaint (ECF No. 1), and from Defendant's Motion for Judgment on the Pleadings (ECF No. 17). This background information should not be construed as judicial findings or factual determinations.

Plaintiff filed this case in August 2019, asserting a single claim (Count I) for discrimination and retaliation under 42 U.S.C. § 1981, noting the creation of a hostile environment and her resulting termination interfered with her rights to continued employment because of sex, race, or because of protected activity. (ECF No. 1 at 11.) In response, Defendant filed an Answer (ECF No. 7) generally denying Plaintiff's contentions and claiming after an extensive investigation regarding Plaintiff's allegations against Jackson, the allegations were found to be without merit. (*Id*. at 2-3.) Defendant also asserted Plaintiff's Complaint failed to state a proper claim, was barred by the statute of limitations, and other defenses. (*Id*. at 6-9.)

Following Defendant's Answer, the Court held a scheduling conference on March 18, 2020. A Scheduling Order was entered, establishing among other deadlines any motion for leave to amend the pleadings must be filed by May 15, 2020, and a pretrial conference was set for October 15, 2020. (ECF No. 14.)

After the Scheduling Order was entered, Defendant filed a motion for judgment on the pleadings. (ECF No. 17.) Defendants generally contend "other than conclusory allegations, there are no factual allegations in the Complaint that support Plaintiff's claim that she was discriminated against based on her race." Defendant notes "[r]etaliation claims brought under Section 1981 are limited to retaliation that is based on the protected activity involving race, not sex." (ECF No. 17 at 1-2.)

Following filing of this dispositive motion, the Court permitted Plaintiff to twice extend her deadline to either respond to the dispositive motion or file a motion to amend, with the final deadline being June 15, 2020. (*See* Orders, ECF Nos. 19, 23.) Plaintiff

2

filed her motion to amend the complaint on June 15, 2020. (ECF No. 24.)  The schedule was later amended on the unopposed motion of Defendant, which extended the mediation deadline to November 6, 2020 and moved the pretrial conference to January 12, 2021. (ECF No. 32.)

All briefing related to Plaintiff's motion to amend is complete, and the issue of amendment is ripe for decision.

## II.    Motion to Amend (ECF No. 24)

### A.    Legal Standard for Amendment

The standard for permitting a party to amend his or her complaint is well established.  A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.  However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[2]  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[3]

---

[2] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc*., No. 12–2269–EFM-

In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[4] The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[5] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[6] With these standards in mind, this Court evaluates Plaintiff's motion.

### B. Parties' Positions

Plaintiff seeks to amend her Complaint noting she filed charges now pending before the Equal Employment Opportunity Commission ("EEOC"), but a right-to-sue letter was granted and then rescinded by the EEOC. According to Plaintiff, the EEOC stopped issuing Notices of Right to Sue due to the significant impact of the COVID-19 pandemic on the agency. (Reply, ECF No. 31 at 3.) Plaintiff argues the EEOC has been investigating not only Plaintiff's possible Title VII claims, but also allegations by other of Defendants' employees to determine whether the EEOC would file class claims against Defendant. (*Id.*) As of the date of the filing of her Reply brief, Plaintiff had not received a decision from the EEOC. (*Id.*) Therefore, until she receives the EEOC notice, she will

---

JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).
[4] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[5] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).
[6] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

be unable to file a claim under Title VII. But, she plans to seek leave to amend further in the event she does. (*Id.*) Plaintiff argues leave should be freely granted under Rule 15(a), and her request will not unduly prejudice Defendant because this case is just beginning. (*Id.*)

In response to Defendant's futility arguments discussed below, Plaintiff contends although she chose not to identify the other minority employees in her lawsuit, details are included in her proposed Amended Complaint, and defense counsel was provided by email a list of the named former employees. (Reply, ECF No. 31 at 3.) Because the Court is required to view the facts in Plaintiff's favor at this stage of the lawsuit, Plaintiff contends Defendant's futility argument fails. She maintains race and sex discrimination can occur together, and she has sufficiently plead her § 1981 race-related claims. Plaintiff argues her proposed Amended Complaint contains sufficient facts to support her claim that her race is the "but for" cause of her discrimination and retaliation claims under § 1981.

Defendant's sole argument is the alleged futility of Plaintiff's proposed amendment. It claims Plaintiff only "wishes [she] had filed a Title VII claim," her proposed amendment contains no facts to support a claim of race discrimination, and Plaintiff even fails to identify any of the other employees for which she includes additional facts in her amended pleading. (Resp., ECF No. 27 at 1, 3.) Defendant maintains Plaintiff's right to sue letter was rescinded after the EEOC realized this action was filed as a §1981 claim rather than a Title VII claim. (*Id.* at 2.) It argues Plaintiff offers no facts to suggest she complained of anything other than sex discrimination, so

5

any claims of retaliation would be based upon a protected activity involving sex, not race. Defendant maintains Plaintiff is "attempting to offer a tortuous argument that only Hispanic and African America women, but not Caucasian women, were sexually harassed at work" and this somehow transforms Plaintiff's clear sex claims into race claims. (*Id*. at 4.)  For these reasons, Defendant contends Plaintiff's proposed amendment is subject to dismissal and futile as presented.

### C.     Analysis

As noted above, Defendant opposes Plaintiff's amendment solely based on the alleged futility of her proposed claims.  However, because the Court weighs multiple considerations, each factor analyzed by the Court when considering amendment is addressed in turn.

#### 1.     Futility

As the party opposing amendment, Defendant bears the burden of establishing its futility.[7]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[8]  The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light

---

[7] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[8] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).

most favorable to the pleading party."[9]  Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[10] should the court find the amendment futile.

In Plaintiff's original Complaint, she specifies she is an African-American woman, and that Defendant engaged in a pattern or practice of discrimination and retaliation against both African Americans and against females. (ECF No. 1 at 5-6.) Although supported with narrative and conclusory claims regarding history and culture, Plaintiff does claim her manager treated her consistently with "reinforced racial stereotypes" regarding black women. (*Id*. at 6-7.) Plaintiff makes clear she believes she was discriminated against based on both her sex and race and brings her claims under § 1981. (*Id*. at 11-12.)

In Plaintiff's proposed Amended Complaint, she seeks to add more than 60 paragraphs of factual allegations to support her race claims.  These allegations set forth the treatment of Plaintiff and other African-American and Hispanic female employees by Defendant's management. (ECF No. 24-1, ¶¶ 5-67.) She also includes a contention that, "upon information and belief, no sexual harassment claims have been filed by female Caucasian employees against Defendant based on race." (*Id*. at 14, ¶ 116.)  Plaintiff argues the evidence will show at least six Black or Hispanic employees were sexually

---

[9] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).
[10] *Id*. (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

harassed and terminated after lodging complaints. Plaintiff contends but for her race and/or color, she would not have suffered discrimination and/or retaliation. (Reply, ECF No. 31 at 5.)

If Plaintiff had solely based her § 1981 claims on sex discrimination, there would be little question regarding the futility of her claim. But Plaintiff ultimately asserts racial animus formed the basis of Defendant's alleged sexual harassment of its employees. Plaintiff's approach to her race discrimination claim may be unconventional. But at this stage of the proceedings, the Court must accept as true the facts presented in Plaintiff's proposed amendment and must view all reasonable inferences from those facts in Plaintiff's favor.[11] While Plaintiff is required to demonstrate over the life of this § 1981 lawsuit that her race was the but-for cause of her injury,[12] given the numerous race-based allegations contained in her proposed amendment the Court views those allegations as sufficient to permit amendment.

The Court notes both parties allude to a rescinded right to sue letter, but neither party provides a copy of the notice or fully illuminates the importance of this information in support of its current position. (*See* Motion, ECF No. 24 at 2; Def.'s Response, ECF No. 27 at 3.) Frankly, it is altogether unclear why the notice was rescinded and how this relates to Plaintiff's § 1981 claim or her request to amend. Although the Court tends to agree with Defendant the rescinded notice does not necessarily support Plaintiff's request

---

[11] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson,* 499 F.3d at 1238) (internal citations omitted).
[12] *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020).

8

for amendment on her § 1981 claim (see Resp., ECF No. 27 at 3); this is not fatal to Plaintiff's request.

At this juncture, upon review of both Plaintiff's proposed amendment and the motion briefing, this Court is unable to definitively find Plaintiff's claim futile under § 1981. Because it is required to construe all facts contained in the proposed amendment in the light most favorable to Plaintiff and knowing the parties will clarify the evidence through further pleading and discovery, the Court prefers to err on the side of amendment. Exercising its discretion and recognizing Defendant will have an opportunity to challenge the sufficiency of the new claims through a later dispositive motion,[13] the Court will not deny Plaintiff's proposed amendment based on futility. Permitting the filing of the proposed amendment "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)"[14] where Defendant may later challenge the claim,[15] particularly in light of the lack of prejudice to Defendant discussed below.

---

[13] *See, e.g., Carefusion 213*, 2010 WL 4004874, at *6 (finding "Defendants' arguments are better suited for resolution on a motion for summary judgment"); *see also Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, No. 12-1008-JTM-GLR, 2012 WL 2872226, at *2 (D. Kan. July 12, 2012) (citing *Tommey v. Computer Sciences Corp.,* No. 11–2214–EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012). *See also Hollis v. Acoustic Sounds, Inc.*, No. 13-1083-JWL, 2013 WL 4768076, at *2 (D. Kan. Sept. 4, 2013) (permitting amendment and noting, "To be clear, the undersigned is *not* ruling that these amendments will survive a later challenge under Rule 12(b)(6) or Rule 56. Rather, the undersigned is allowing the amendment. A comprehensive legal analysis and decision is deferred until a subsequent dispositive motion.")
[14] *Quality Time, Inc.*, 2012 WL 2872226, at *2.
[15] *See, e.g., Walker v. Axalta Coating Systems. LLC*, No. 14-2105-JAR-JPO, 2015 WL 685834, at *3 (D. Kan. Feb. 18, 2015) (finding the issue of punitive damages more appropriately addressed at a later stage in the case by the presiding U.S. District Judge, and noting "Defendants are not precluded from reasserting their arguments in a motion under Rule 12(b)(6) or Rule 56").

### 2.     Other Factors

Although Defendant confronts only the issue of futility in its brief, the other factors weighed by the Court, such as bad faith, prejudice to the non-moving party, and timeliness of amendment, were not addressed.  Despite the parties' lack of attention, the Court briefly considers each topic and finds all balance in favor of amendment.

Defendant does not suggest Plaintiff is guilty of any bad faith, and the Court sees none demonstrated in the parties' submissions. Therefore, this factor weighs in Plaintiff's favor.

Most importantly, Defendant fails to present any argument regarding the prejudice it might face if the amendment were permitted.  As the party opposing the amendment, Defendant bears the burden to demonstrate undue prejudice within the meaning of Rule 15.[16] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[17]  While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendant."[18]

Given Defendant's complete disregard of this "most important factor,"[19]  the Court finds Defendant wholly failed to demonstrate prejudice sufficient to prohibit the proposed

---

[16] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).
[17] *Id*. (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[18] *Id*. (citing *Sturdevant,* 2008 WL 4198598, at *3; other internal citations omitted).
[19] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

amendment. And, considering the current procedural posture of the litigation, the Court struggles to discern any true injustice which might occur from amendment. This case is in a relatively early stage, with the parties only recently beginning written discovery. (*See* Notice of Service of First Requests for Production, ECF No. 33, filed Sept. 1, 2020.) All parties will have adequate time and opportunity to fully defend the claims.

Additionally, the timing of the motion weighs in favor of amendment. Plaintiff sought and was granted an extension of time to file her motion, and it was timely filed. (*See* Orders, ECF Nos. 19, 23.) A revised schedule was ordered to govern this matter, and the parties have at least two months of remaining discovery, mediation, and other deadlines outstanding. (ECF No. 32.) Therefore, the current procedural posture of the case weighs in Plaintiff's favor.

### D.     Conclusion

Plaintiff's request to amend its Complaint is timely, and Defendant failed to demonstrate any amount of prejudice that may occur as a result of the amendment. Even if the eventual viability of Plaintiff's § 1981 is unclear, the Court is tasked with viewing the facts in the light most favorable to Plaintiff. Defendant will have the opportunity to file dispositive motions to further clarify the claims presented. At this juncture, with no prejudice outlined by Defendant, and considering the procedural posture of the case, the Court prefers this case proceed on its full merits.[20] In the interests of justice, the Court will allow Plaintiff to amend her Complaint.

---

[20] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (**ECF No. 24**) is **GRANTED** as set forth above.  Plaintiff shall file her First Amended Complaint on or before **October 23, 2020**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 9th day of October, 2020.

　　　　　　　　　　　　　　　　　　 s/ Gwynne E. Birzer
　　　　　　　　　　　　　　　　　　GWYNNE E. BIRZER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge