IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENYA WATKINS,** | |
| **Plaintiff,** | |
| v. | Case No. 2:19-CV-2486-JAR-GEB |
| **GENESH, INC.,** | |
| **Defendant.** | |

## MEMORANDUM & ORDER

Plaintiff Kenya Watkins ("Watkins") filed suit against Defendant Genesh, Inc., d/b/a Burger King ("Burger King"), asserting claims of race discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981. Defendant has filed a Motion to Dismiss (Doc. 41) asserting that Watkins fails to state a claim. The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Defendant's motion.

### I.     Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[1] and must include "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[2] *Id*. at 570.

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

more than "a sheer possibility."[4]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[6]  Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7]  Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

**II.     Factual Allegations**

The following material facts are alleged in the Complaint.  Watkins, an African American female, worked for Burger King, as a cashier/crew member between August 14, 2014 and August 23, 2015.  Watkins was paid $7.50 an hour.  During her interview, the General Manager of the store, Michael Jackson, told her she was a candidate for a managerial position.

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Id.* at 678–79.

[8] *Id.* at 679.

[9] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

After hiring Watkins, Jackson assigned her tasks and responsibilities that put her in close proximity to him, and repeatedly verbally and physically harassed her. On multiple occasions, he attempted to touch Watkins' behind and vagina. Jackson asked Watkins to come to his house for sex, and he told Watkins that she would not be promoted if she did not have sex with him. Jackson would work without his belt on and his pants sagging. He would rub his penis and ask Watkins when he was "going to get some."[10] Jackson repeatedly asked Watkins for sex and tried to touch her.

On or about July 26, 2015, Jackson physically tried to have sex with Watkins. On this same date, Watkins called 911 to report the incident.

On or about July 27, 2015, Jackson forced Watkins into the backroom freezer and again tried to have sex with her. On this same date, Jackson yelled lewd comments to Watkins while she was cleaning the parking lot. And on the same date, Watkins complained verbally, and in writing, to Burger King's corporate office about Jackson's sexual harassment and hostile work environment.

On or about July 28, 2015, Watkins met with corporate representatives who stated that she would no longer have to work with Jackson. Watkins was also advised that Jackson was being replaced.

After Watkins complained to police and corporate headquarters, her hours were reduced. On August 22, 2015, Watkins worked her shift as scheduled. The schedule for the next week had not been posted by the end of her shift. On August 23, 2015, Watkins called Burger King and asked for her schedule for the week. Burger King informed her that she was scheduled for that day and that she was terminated for being a no-show/no-call.

---

[10] Doc. 38 at 10, ¶ 83.

Watkins alleges that Burger King does not treat its male or Caucasian employees in the same manner as it treats its female African American employees.  Watkins claims that in the United States, African American women have been negatively stereotyped as aggressive and hyper-sexual.  Watkins also asserts that the popular culture in the United States portrays black women as sexual deviants and sexual commodities.  In addition, Watkins asserts that studies show that white women are not targeted for sexual harassment as much as Black and Latina women are.

In Watkins' Amended Complaint, she includes allegations regarding five other female employees who were sexually harassed by a district manager, general manager, or shift manager and made complaints about this behavior to the Kansas Human Rights Commission ("KHRC"), the Equal Employment Opportunity Commission ("EEOC"), or Burger King's corporate offices.  Three of the employees are Hispanic.  Two of the employees are African American.  These instances of sexual harassment occurred from the end of 2013 through early 2016 and included instances of touching female employees and propositioning certain of these employees for sex.

Watkins filed her Complaint on August 19, 2019.  Burger King filed a Motion for Judgment on the Pleadings in April 2020, and Watkins requested leave to file an Amended Complaint.  After Watkins was granted leave, Watkins filed her Amended Complaint in October.  Burger King has again filed a Motion to Dismiss.

### III.     Discussion

Burger King argues that Watkins fails to state race discrimination and hostile environment/harassment claims under 42 U.S.C. § 1981.[11]  A race discrimination claim brought

---

[11] Burger King also asserts that Watkins fails to allege a retaliation claim.  Watkins has now withdrawn this claim, and the Court therefore does not address it.

4

under § 1981 requires "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."[12]  In the context of § 1981 claims, "a plaintiff bears the burden of showing that race was a but-for cause of its injury."[13]  This but-for requirement is different than Title VII's "motivating factor" causation standard.[14]  Furthermore, a plaintiff must plausibly allege facts to support this "but for" standard at the outset of the lawsuit.[15]  Thus, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."[16]

In this case, Watkins alleges numerous instances of sexual comments, sexual touching, and behavior by her manager towards her based on her sex.  She alleges that she made a complaint to the police that her manager attempted to physically have sex with her.  Watkins also alleges that she complained of the manager's sexual harassment to the corporate office.

The issue, however, is whether Watkins adequately alleges a claim for race discrimination under § 1981.  Other than Watkins stating that she is African American, there are no factual allegations regarding Burger King's treatment of her based on her race.  Watkins includes conclusory allegations about perceived racial and sexual stereotypes in the United States, but she does not allege any facts that plausibly support a claim for race discrimination in this case.

---

[12] *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1102 (10th Cir. 2001) (citations omitted).

[13] *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, --- U.S. ---, 140 S. Ct. 1009, 1014 (2020).

[14] *Id.* at 1017–19 (discussing the differences between Title VII's and § 1981's history and causation standards).

[15] *Id.* at 1014, 1019.

[16] *Id.* at 1019.

Watkins asserts that there is a pattern of a racial harassment through the sexual harassment and directs the Court to *Doe v. Matthew 25, Inc.*, a case from the Middle District of Tennessee.[17]  In that case, the court found that the plaintiff plausibly alleged that unwanted sexual comments were the avenue for racial discrimination/harassment under § 1981.[18]  In *Doe*, however, the defendant made racial remarks to the plaintiff.  Specifically, the defendant noted that the plaintiff reminded him of a black woman he used to date and described sexual acts with the black woman.[19]  The court noted that these race-based sexual comments were central to the plaintiff's race discrimination/harassment claim.[20]

Here, there are no allegations of race-based remarks directed towards Watkins, sexual in nature or otherwise.  To the extent that Watkins includes harassment allegations about five other employees, two of whom were African American and three of whom were Hispanic, none of these factual allegations relate to discriminatory behavior on the basis of race.  Instead, these allegations relate to sexual discrimination and harassment.   In sum, there are no plausible allegations that but for Watkins' race, she would not have been sexually harassed.

In addition, to establish a hostile work environment claim under § 1981, a plaintiff must show that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was

---

[17] 322 F. Supp. 3d 843 (M.D. Tenn. 2018).

[18] *Id.* at 856.

[19] *Id.* at 847, 856.

[20] *Id.* at 856 n. 3 (stating that the plaintiff's "race appears to have been central to her receiving [the defendant's] sexual attention in the first place.").

racial or stemmed from racial animus."[21]  A showing of pervasiveness requires "more than a few isolated incidents of racial enmity."[22]

Here, Watkins' allegations do not plausibly support that the harassment was racial or stemmed from racial animosity.  There are simply no allegations of racial harassment.  Instead, as noted above, the remarks and behavior directed toward Watkins were sexual in nature.  Indeed, from the allegations, it appears that Watkins specifically complained about sexual harassment to both the police and corporate headquarters and perceived the harassment to be sexually motivated.  In addition, Watkins' allegations about the treatment of other employees also relate to sexual harassment.  There are no facts related to discriminatory behavior or harassment based on race.  Thus, Watkins fails to adequately allege a racially hostile work environment.

In sum, Watkins more than adequately sets forth a claim for sexual discrimination and/or a hostile work environment on the basis of sex.[23]  Watkins, however, brings her claim under § 1981 which prohibits only racial discrimination.  Watkins fails to adequately allege a claim for race discrimination or hostile work environment under § 1981.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 41) is **granted**, and this case is dismissed with prejudice.

**IT IS SO ORDERED.**

---

[21] *Witt v. Roadway Exp.*, 136 F. 3d 1424, 1432 (10th Cir. 1998) (citing *Bolden v. PRC, Inc.*, 43 F.3d 545, 551 (10th Cir. 1994)).

[22] *Bolden*, 43 F.3d at 551 (citation omitted).

[23] The Court notes that Watkins stated in her Motion for Leave to Amend the Complaint, filed June 15, 2020, that she has charges pending with the EEOC.  Doc. 24 at 2.  She asserts that a right to sue letter was issued but then rescinded, and that as a result, she has been unable to file her Title VII claims.  *Id.*  The Court will not delay ruling on Burger King's motion to dismiss in this § 1981 case, which has been pending since August 19, 2019.  Once the KHRC/EEOC's proceedings conclude, Watkins can file her claims for sexual discrimination and/or harassment under Title VII.

Dated: April 2, 2021

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE